STATE of Wisconsin, Plaintiff-Respondent,†

v.

Jimmie G. MINETT, Defendant-Appellant.

Court of Appeals

*No. 2013AP634–CR. Submitted on briefs February 14, 2014.*
*—Decided March 19, 2014*

2014 WI App 40

(Also reported in 846 N.W.2d 831.)

† Petition for Review Filed.

On behalf of the defendant-appellant, the cause was submitted on the briefs of *Maayan Silver* of *Silver Law Offices, LLC*, of Milwaukee.

On behalf of the plaintiff-respondent, the cause was submitted on the brief of *Marguerite M. Moeller*, assistant attorney general, and *J.B. Van Hollen*, attorney general.

Before Brown, C.J., Reilly and Gundrum, JJ.

¶ 1. BROWN, C.J.   Jimmie Minett argues that the circuit court should have granted his motion to suppress evidence found in a strip search because the police violated provisions of the statute regulating strip

searches, Wɪs. Sᴛᴀᴛ. § 968.255 (2011–12).[1] Because suppression of evidence is not a remedy for violation of § 968.255, the circuit court correctly denied Minett's suppression motion. Minett's arguments concerning his sentence also fail. We affirm.

¶ 2.    Police investigation, including multiple controlled buys of heroin from Minett via confidential informants, discovered probable cause to arrest Minett in February 2010 for sale of heroin. After arresting Minett, officers took him to the police station, and after he denied having any contraband on him, they conducted a strip search because Minett was known to hide drugs "on his person in the genital area." Three male officers took part in the search.

¶ 3.    A police sergeant, who had been authorized since 1995 to approve strip searches, authorized the search and took part in it, providing his signature as "Shift Commander" on the form entitled "Strip Search Report." Another officer filled in the portion of the form recording Minett's name and identifying information, and the date, time, and place of the search. In a space labeled "conducting search," that form had two blank lines with the title "name" and two blank lines with the title "witness." The names of two officers (including the shift commander who approved the search) were entered on the lines for the "names," and the other officer was listed as a "witness." All three officers testified, however, that each officer took part in the search, with the officer who was listed as a "witness" helping to search Minett's clothing and shoes.

---

[1] All references to the Wisconsin Statutes are to the 2011–12 version unless otherwise noted.

¶ 4.   The search took place in a windowless bathroom in the processing area of the station. Though the door to the bathroom was left ajar during the search, officers would have been alerted if anyone else attempted to pass through the two locked doors separating the processing area from the rest of the station. No one but the three officers participating in the strip search viewed Minett during the search.

¶ 5.   During the search, when an officer asked Minett to remove his underwear, Minett asked if he "could remove the drugs" himself, and he proceeded to "retrieve[] a baggy of what appeared to be some white material from between his scrotum and his buttocks." Officers visually inspected Minett's body and clothing. None of the officers remembered giving Minett a copy of the report of the search after it was over. Minett said he did not receive a copy of the report until discovery in his criminal case.

¶ 6.   In his motion to suppress evidence, Minett argued that the strip search violated WIS. STAT. § 968.255, which provides in part as follows:

(2) No person may be the subject of a strip search unless he or she is a detained person and if:

(a) The person conducting the search is of the same sex as the person detained . . .;

(b) The detained person is not exposed to the view of any person not conducting the search;

(c) The search is not reproduced through a visual or sound recording;

(d) A person conducting the search has obtained the prior written permission of the chief, sheriff or law enforcement administrator of the jurisdiction where

the person is detained, or his or her designee, unless there is probable cause to believe that the detained person is concealing a weapon; and

(e) A person conducting the search prepares a report identifying the person detained, all persons conducting the search, the time, date and place of the search and the written authorization required by par. (d), and provides a copy of the report to the person detained.

. . . .

(4) A person who intentionally violates this section may be fined not more than $1,000 or imprisoned not more than 90 days or both.

(5) This section does not limit the rights of any person to civil damages or injunctive relief.

(6) A law enforcement agency, as defined in [WIS. STAT. §] 165.83(1)(b), may promulgate rules concerning strip searches which at least meet the minimum requirements of this section.

Sec. 968.255. Minett claimed that the statute was violated because (1) there was no written authorization for the search by the police chief or his designee, as required by § 968.255(2)(d); (2) Minett was not given a copy of the report as required by § 968.255(2)(e); and (3) one of the officers was described as a "witness" to the search, both in the strip search report itself and in the reports of two of the participating officers, while the statute requires that the detainee is "not exposed to the view of any person not conducting the search," § 968.255(2)(b).

¶ 7. The court denied Minett's motion to suppress, finding that there was "substantial compliance" with the statute despite the "hyper-technical" violations. The court rejected the argument that one of the

488

officers was merely a witness to the search because all of the officers present in the room were helping conduct the search. As for the other violations, the court concluded that despite those errors there was "substantial compliance" with the law.

¶ 8. Minett pled guilty and was sentenced but thereafter moved for resentencing on grounds that his sentence was excessive and that his counsel was ineffective during sentencing. The court denied the motion and Minett appeals.

¶ 9. Contrary to Minett's argument, nothing in *State v. Popenhagen*, 2008 WI 55, 309 Wis. 2d 601, 749 N.W.2d 611, provides that suppression of evidence is a remedy for violation of WIS. STAT. § 968.255. *Popenhagen* considered whether suppression of evidence was a proper remedy for violation of WIS. STAT. § 968.135, which provides for subpoena of certain documents "upon a showing of probable cause." *Popenhagen*, 309 Wis. 2d 601, ¶¶ 14, 20. The court abrogated case law which had held that the circuit court is prohibited "from suppressing evidence obtained in violation of a statute when the statute does not expressly require suppression," *id.*, ¶ 64, holding instead that

> the circuit court has discretion to suppress or allow evidence obtained in violation of a statute that does not specifically require suppression of evidence obtained contrary to the statute, depending on the facts and circumstances of the case and the objectives of the statute.

*Id.*, ¶ 68. Since the statute in *Popenhagen* expressly authorized "[m]otions to the court, including, but not limited to, motions to quash or limit the subpoena," a suppression motion was allowed because "[a] motion to suppress documents obtained by a subpoena issued in

violation of [the statute] is . . . similar in nature" to motions to quash or limit the subpoena. *Id.*, ¶¶ 36, 51. The court pointed out that a suppression motion was also "germane to the[] objectives" of the statute in question. *Id.*, ¶ 54.

■■

¶ 10. The same is not true here. Firstly, this statute, unlike the statute in *Popenhagen*, enumerates specific remedies for its violation: (1) a $1000 fine or imprisonment, WIS. STAT. § 968.255(4), and (2) civil damages or injunctive relief. Thus, unlike in *Popenhagen*, here there is no evidence that the legislature contemplated any remedies "similar in nature" to a motion to suppress. Secondly, allowing such a motion would not be germane to the objectives of the statute. This is a regulatory statute aimed at controlling law enforcement officers' conduct via criminal penalties. It does not mention probable cause and authorizes no motions to quash or limit the search. So, while, in other cases, a suppression motion might be an appropriate remedy for a violation of the law that took place during a strip search—if, for instance, there was no probable cause for the search—where, as here, there was concededly no violation of any constitutional right but merely of the statute itself, the violation of the statute provides no basis for a suppression motion. *See also Jenkins v. State*, 978 So. 2d 116, 128–30 (Fla. 2008) (holding that absent constitutional violation, where the strip search statute did not expressly authorize suppression as a remedy, suppression was not a remedy).

■■

¶ 11. As for Minett's sentence, weighing the mitigating and aggravating factors in a defendant's sentencing is a decision trusted to the discretion of the circuit court. *State v. Ziegler*, 2006 WI App 49, ¶¶ 22–23, 289

Wis. 2d 594, 712 N.W.2d 76. Absent evidence of an erroneous exercise of discretion, we may not reverse. *Id.*, ¶ 22. The court here explained clearly and reasonably the reasons for its sentence, and there is simply no evidence to demonstrate this is an excessive or disproportionate sentence. *See Ocanas v. State*, 70 Wis. 2d 179, 185, 233 N.W.2d 457 (1975).

*By the Court.*—Judgment and order affirmed.